SUMMERS, Justice.
 

 The defendant, Pleasant Justus, was charged on or about November 14, 1962, with the violation of Ordinance No. 566 of the City of Lafayette, Louisiana, which prescribes the size and location of signs used within the city to advertise, at retail, the price of gasoline and other petroleum products used in motor vehicles. After arrest and before arraignment defendant filed a motion to quash the affidavit and warrant on the ground that the ordinance was unconstitutional.fi The city court declared
 
 *870
 
 the ordinance unconstitutional and the city has appealed.
 

 The title of the ordinance states its object to be to regulate advertising procedure in the retail sale of petroleum products and to provide penalties for its violation.
 

 The ordinance contains a preamble which sets forth that the Board of Trustees, who enacted the ordinance, had been furnished information by the “citizenry” pertaining to “misleading advertising practices” in the retail sale of petroleum products. These practices, the board felt, resulted in “serious detriment to the public interest” and especially the consumer of petroleum products, and concluded that the size, contents and placement of all signs should be regulated. The preamble of the ordinance further declared that the regulation would “remove certain unsightly conditions. Thus, the beautification' of the City will be the natural result.”
 

 The ordinance then provides that the retail seller of gasoline shall post on the individual pump a sign not less than seven inches in height and eight inches in width, nor larger than twelve inches in height and twelve inches in width, stating the selling price of the gasoline and its name and grade classification. The government tax is required to be separately stated on the sign.
 

 By the ordinance no other signs referring to the price of gasoline are permitted about the premises- where the gasoline is sold.
 

 Similar regulations are prescribed for petroleum products other than gasoline.
 

 The penalty imposed for violation is a fine of not more than $100 or imprisonment of not more than 30 days or both.
 

 Defendant concedes that at the time of the violation, as Manager of the South College Esso Servicenter, located at 2903 Johnston Street in Lafayette, he was advertising the price of gasoline by use of a sign measuring six feet by four feet located on the premises, but not attached to the-dispensing equipment. He was, therefore, guilty of the charge under the language of the ordinance. His sole defense is the invalidity of the ordinance and he asserts as the basis for his attack on its constitutionality that the restrictions imposed by the ordinance bear no reasonable relation to the recited purpose of its enactment.
 

 He further asserts that the ordinance constitutes an oppressive and unreasonable invasiori of private rights for these restrictions and regulations interfere with the lawful conduct of a lawful business; they are a wrongful discrimination against defendant and the class of business in which he is engaged and are in essence an arbitrary attempt, under the guise of police power, to control prices and eliminate competition by forbidding the effective advertisement of prices.
 

 As a result it is urged that these regulations and restrictions interfere with de
 
 *872
 
 fendant’s personal liberty, deprive him of property and the use thereof without due process of law and deny him equal protection of the law, all in violation of the equal protection and due process clauses of the United States Constitution, and particularly the fifth and fourteenth amendments thereof, and in violation of Article I, Section 2 of the Constitution of Louisiana, LSA.
 

 There have been many adjudications of the questions presented here in what are known as the “Gas Sign Cases”. By a numerical majority of jurisdictions enactments such as that under review here have been held to be unconstitutional.
 

 It is clear to this court and, in fact, it seems to be conceded that the restrictions of the ordinance in question do interfere with defendant’s free use of his property in that they deprive him of the right and privilege to advertise in a manner determined by him and thus promote the sale of his product in the competitive market. As such, therefore, the ordinance deprives defendant of the use of his property without due process of law in violation of the Federal and State Constitutions.
 

 This invasion of constitutional rights, however, is sought to be justified on the basis that the enactment of the ordinance was under the police power of the municipality and its purpose was to prohibit “misleading advertising practice” and “serious detriment to the public interest” and its result would be to “remove certain unsightly conditions. Thus, the beautification of the city will be the natural result.”
 

 It is recognized that the police power may be exerted in the form of legislation where otherwise the effect would be to invade rights guaranteed by the Constitution, but this power can be exerted only when such legislation bears a real and substantial relation to the public health, safety, morals or some other phase of the general welfare. A legislative body cannot, however, “under the guise of protecting the public, arbitrarily interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them. * * * ” Louis K. Liggett Co. v. Baldrige, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204 (1928). And where it clearly appears that there has been an abuse of the police power in the enactment of legislation, it is the court’s province and duty to decree the offending statute invalid. State v. Legendre, 138 La. 154, 70 So. 70, 71, L.R.A.1916B, 1270 (1915).
 

 ' In a previous consideration of the constitutionality of an ordinance of the city of Lake Charles almost identical to the ordinance before us, this court in City of Lake Charles v. Hasha, 238 La. 636, 116 So.2d 277 (1959) declared the Lake Charles ordinance unconstitutional and for its reasons adopted
 
 *874
 
 the language of the court in Gambone v. Commonwealth, 375 Pa. 547, 101 A.2d 634 (1954), wherein it was declared:
 

 “ * * * the prohibition of the posting on the gasoline dealers’ premises, or property adjacent thereto, of price signs in excess of a certain prescribed size is wholly unreasonable and arbitrary and bears no rational relation to public health, safety, morals or welfare.”
 

 Shortly thereafter, on January 11, 1960, this court again had occasion to pass upon the identical question. At that time, in Sears, Roebuck and Company v. City of New Orleans, 238 La. 936, 117 So.2d 64 (1960), the “Gas Sign” ordinance of the city of New Orleans was declared unconstitutional. In that case the stated purpose of the regulation in the ordinance was to prevent fraud, whereas in the case at bar the purpose is to prevent “misleading advertising practices”. There is no appreciable difference in the purposes of those ordinances. In the New Orleans case it was held that the ordinance has no real, substantial or rational relation to the public safety, health, morals or general welfare. The only means employed by that ordinance to accomplish its objective was a strict limitation on the size of the signs. It was manifest to the court then that such a restriction bore no relation whatever to the prevention of fraud, just as it is manifest to us today that such restrictions bear no relation to “deceptive advertising practices”, which, in reality, is just another way of saying fraudulent practices.
 

 The appellant here recognizes that the cases declaring the Lake Charles and New Orleans ordinances unconstitutional are contrary to the result which he advocates. However, he calls our attention to two recent decisions from other jurisdictions which he contends have disposed of the constitutional objections and, therefore, we should sustain the validity of the Lafayette ordinance. The decisions relied upon to accomplish the result he contends for are People v. Save Way Northern Blvd., Inc., 10 N.Y.2d 727, 219 N.Y.S.2d 271, 176 N.E.2d 839 (1961) (appeal dismissed by U.S. Supreme Court, Jan. 8, 1962, Save Way Northern Blvd., Inc. v. People, 368 U.S. 349, 82 S.Ct. 391, 7 L.Ed.2d 384) and Fried v. Kervick, 34 N.J. 68, 167 A.2d 380 (1961).
 

 The short answer to this contention is that decisions of the New York and New Jersey courts are not binding upon this tribunal even if the identical proposition were before them. However, it is our opinion that the identical questions were not before those courts and those decisions are not persuasive here. For the latter reason, we do not feel that we are bound by the action of the United States Supreme Court in the Save Way case. Moreover, we are satisfied that the decisions previous
 
 *876
 
 ly rendered in the Hasha and Sears, Roebuck and Company cases, supra, were correct, supported by law and based upon sound reasoning.
 

 The judgment appealed from is affirmed.