SUMMERS, Justice
(dissenting).
My primary concern is with that aspect of these proceedings which involve the constitutional validity of the Louisiana statute authorizing the Louisiana Milk Commission to regulate wholesale prices of “frozen desserts” and the validity of the Commission’s price-fixing order establishing wholesale prices for frozen desserts.
Schwegmann Brothers Markets offer for sale and sell at retail milk products, “frozen desserts”, and other products whose wholesale and retail prices the Commission claims jurisdiction to regulate. Schwegmann’s operational technique permits it to pass on to its customers substantial benefits in the form of lower retail prices.
This suit was brought in February 1965 to enjoin the Louisiana Milk Commission from enforcing the price-fixing provisions adopted in the proceedings styled “Louisiana Milk Commission Docket No. LMC— 64 — 3P” as incorporated in the Commission’s “Final Decision: Price Order Pertaining to Frozen Desserts in All Commission Sales Areas.” The basis of the action is the invalidity of the Commission’s price-fixing order under both the Constitution of the United States and the Constitution of the State of Louisiana.
The price-fixing order has been held constitutional by the refusal of this court to review the judgment of the Court of Appeal.
It is my opinion that the opinion of the Court of Appeal overlooks the fundamental constitutional distinction between the regulation of commerce in wholesome fluid milk' products and the regulation of commerce in frozen desserts. In its opinion the Court of Appeal relies upon the decision of the United States Supreme Court in Nebbia v. People of State of New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934) and the decision of the Louisiana Supreme Court in Schwegmann Brothers Giant Super Markets v. McCrory, 237 La. 768, 112 So.2d 606 (1959). Each of these decisions *54 upheld the right of the State, through adoption of appropriate regulatory measures, to assure adequate supplies of wholesome fluid milk products. These decisions were based upon the proposition that the maintenance of a steady supply of wholesome milk is sufficiently important to the public health and welfare to justify the adoption of certain types of price maintenance. But this case is different. It involves the regulation of commerce in frozen desserts, which are luxury items, not essential to the public health and welfare.
The distinction I have mentioned is underscored by the facts of this case. A major portion of the ingredients of the frozen desserts sold in Louisiana come from out-of-state suppliers, surplus milk suppliers, and non-fresh sources (such as milk powder). There is no connection between the regulation of commerce in these products to the legislative aim which is to assure a steady supply of wholesome milk within the State.
When this Court decided the McCrory Case it merely upheld the so-called Orderly Milk Marketing Law, and did not adjudicate the right of the State or an administrative body to establish wholesale frozen dessert prices under a statute enacted after that decision. (Act. 340 of 1962)
In short, the price-fixing order of the Commission, and the sweeping regulatory scheme of Act 340 of 1962, as amended, do not constitute a proper, constitutional exercise of the police power, have no relation to the protection of the public safety, health and welfare, and are not reasonably necessary and appropriate for the accomplishment of any proper legislative purpose. The statute and the price-fixing order constitute an arbitrary restriction on the conduct of Schwegmann’s business and all others who by their ingenuity, labor and efficiency would bring savings to the consumers of our state.
This Court has heretofore announced and recognized constitutional principles which demand that this statute and price-fixing order be struck down. Some of the cases decided as recently as 1966 have reaffirmed the fundamental principle that the State, in the exercise of the police power may not impose unreasonable regulations upon business in Louisiana. See Schwegmann Brothers Giant Super Markets v. Louisiana Board of Alcoholic Beverage Control, 249 La. 127, 185 So.2d 794 (1966); Banjavich v. Louisiana Licensing Board for Marine Divers, 237 La. 467, 111 So.2d 505 (1959); City of Lake Charles v. Hasha, 238 La. 636, 116 So.2d 277 (1959); Dr. G. H. Tichenor Antiseptic Co. v. Schwegmann Brothers Giant Super Markets, 231 La. 51, 90 So.2d 343, 60 A.L.R.2d 410 (1956); and Schwegmann Brothers v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 43 So.2d 248 (1949).
The statute in contest here and its price-fixing mechanism will deny the benefit of *56 improved dairy technology, the fruits of intensive research often carried on at public expense, to the producers and consumers by a regulation which is, in fact, designed to protect established market relationships rather than the public health. Dakin, State Regulation of Business — The New “Milk Audit” Law, 23 La.L.Rev. 70 (1962).
Due process and the validity of the exercise of police power under our State Constitution are at issue here. They have been defined in this context as follows:
“To justify the State in imposing its authority in behalf of the public, it must initially appear that the interest of the public generally, as distinguished from those of a particular class, require that the business be regulated; the lawmaker may not under the guise of exercising its police power, arbitrarily interfere with private business or impose unusual or unnecessary restrictions upon lawful occupations.” Banjavich v. Louisiana Licensing Board for Marine Drivers, 237 La. 467, 111 So.2d 505 (1959).
The statute and the price-fixing order contain a mere pretense of promoting or protecting public health or public safety, and they have no real or reasonable relation to their pretended object. They are, then, an abuse of the police power of the state, and insofar as they invade the fundamental rights of the state’s citizens, it is the province and duty of the courts to adjudge-such a subterfuge invalid, and to uphold' the Constitution. State v. Legendre, 138-La. 154, 70 So. 70, L.R.A.1916B, 1270 (1949).
I respectfully dissent.