DIXON, Justice
(concurring).
I subscribe to the opinion authored by Justice Barham, and in addition believe it important to notice another constitutional infirmity in R.S. 14:106A(7). It is viola-tive of substantive due process.
A police regulation must have a reasonable relationship to a legitimate legislative purpose; the measure must tend toward promoting the legitimate ends of such legislation, or toward preventing some evil. Our State is prohibited by the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Louisiana Constitution of 1921 from depriving any person of life, liberty or property except by “due process of law.”
This court, through the years, has consistently held that one element of “due process” is reason — that life, liberty and property are protected from legislative enactments which bear no reasonable relationship to a legitimate legislative purpose. State v. Birdsell, 235 La. 396, 104 So.2d 148 (1958), held that prohibition against the possession of a hypodermic syringe was unreasonable and an improper exercise of the police power in violation of the due process clause. City of Lake Charles v. Hasha, 238 La. 636, 116 So.2d 277 (1959) and City of Lafayette v. Justus, 245 La. 867, 161 So.2d 747 (1964), struck down, for the same reason, ordinances regulating gasoline price signs. See Schwegmann Bros. v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 43 So. 2d 248 (1949).
It is a legitimate legislative function to protect the population from unwarranted intrusion of certain sexual materials. It does not follow, however, that the prohibition against the display of “nude pictures” bears any reasonable relationship toward that end. An innocent photograph of a child on the beach could incriminate the manager of a camera shop, or a newspaper publisher or vendor. Anatomical charts in the physical therapist’s waiting room could not be displayed. Librarians and teachers would be fearful of prosecution, and so on and on. Legislation designed to suppress pornography cannot escape the test of the reasonable relationship between its prohibition and its object.