hSTEWART, Judge.
Mark Ferrara appeals the judgment of the trial court finding that articles 102.1, 102.2 and 102.3 of the electrical code were not unconstitutional and that the City of Shreveport (the “City”) had not engaged in unfair trade practices and denying Ferrara permanent injunctive relief and reasonable damages. For the following reasons, we affirm.
FACTS
Ferrara, a journeyman electrician, applied for a permit to perform electrical work on property he owned where he intended to establish a business selling snow cones. The City, through employees, Steve Grayson and Ella Friddle, also named defendants, denied Ferrara’s application for a permit to perform electrical work and informed Ferrara that only a “master electrician” qualified for a permit pursuant to Shreveport Comprehensive Building Code Part. 3, Electrical Code, Section 102.1, and that he must be employed and supervised by a “master electrician” to perform electrical work on his property.
W.N. Reid, a “master electrician”, obtained a permit to perform electrical work indicating that Ferrara was employed by him on that particular job. Upon learning that Fer-rara was not under the day-to-day supervision of Reid while he was working on the property, Grayson issued a “stop work order” to Ferrara indicating that he could perform no further electrical work on the property.
The Building Board of Appeals granted Ferrara a permit variance which would have allowed him to perform the electrical work without establishing an employer/employee relationship with a “master electrician” provided that a “master electrician” obtained the permit and supervised Ferrara. However, Ferrara contacted four “master electricians” and failed to take advantage of this variance.
Ferrara filed this lawsuit seeking to permanently enjoin the City from enforcing the alleged unconstitutional provisions of the city electrical code and [ 2seeking damages for the unfair trade practices engaged in by the City and its employees. The district court ruled in favor of the City and its employees. Fer-rara appeals and assigns two errors.
DISCUSSION

Constitutionality

Ferrara assigns as error the trial court’s failure to permanently enjoin enforcement of Shreveport Comprehensive Building Code, Part 3, Electrical Code, Sections 102.1, 102.2 and 102.3, as unconstitutional. Ferrara asserts that those sections vest arbitrary discretion in inspector without proscribing definite guidelines for interpretation. Ferrara argues that the regulations serve no legitimate purpose but merely create a monopoly of trade in favor of master electricians and that the term “employee” is not defined. Further, Ferrara contends that the sections at issue are not a legitimate exercise of the City’s police power because they are not reasonably related to the public health, safety and welfare.
Although a city ordinance is presumed constitutional, the governing body does not have unlimited authority to regulate the lives of its citizens and may only enact laws reasonably related to promotion or protection of public health, safety and welfare. Gilbert v. Catahoula Parish Police Jury, 407 *725 So.2d 1228 (La.1981). A real and substantial relationship must exist between the regulation and the promotion and protection of the public good. City of Shreveport v. Curry, 357 So.2d 1078 (La.1978); Reynolds v. Louisiana Board of Alcoholic Beverage Control, 248 La. 639, 181-So.2d 377 (1965); City of Lafayette v. Justus, 245 La. 867, 161 So.2d 747 (1964).
To protect the public health or safety, the pursuit of any lawful trade may be reasonably regulated pursuant to the police power of the state. Courts will interfere with the action of the governing authority only when “it is plain and palable that such action has not real or substantial relation to the public health, or |3safety, or to the general welfare.” D’Amico v. Rapides Parish Coliseum Authority, 490 So.2d 776, 777-778 (La. App. 3d Cir.1986). See also City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1964) and City of New Orleans v. Schick, 167 La. 674, 120 So. 47 (1929).
LSA-R.S. 33:4782 specifically authorizes municipalities to “enact ordinances for the purpose of regulating persons pursuing or engaged in the business of installing wires or apparatus to convey electric current for light, heat, or power.” The City has enacted such ordinances as a part of the Shreveport Comprehensive Budding Code, Part 3, Electrical Code. Section 102.1 provides, as follows:
Except as hereinafter provided, it shall be unlawful for any person to do any electrical work within the jurisdiction of this code unless such person is licensed under the provisions of this chapter by the City of Shreveport, as a master electrician, journeyman electrician, maintenance electrician, apprentice electrician, specialty electrician, sign manufacturer or sign journeyman. All electrical construction work conforming to the jurisdiction of this code shall be done under the control, supervision, direction and responsibility of a master electrician. A journeyman electrician or apprentice electrician who performs the electrical work under the supervision, control and responsibility of a master electrician shall be an employee of the master electrician and licensed accordingly. The term “electrical construction” as used in this chapter is defined in Appendix (B).
Section 102.2 provides:
No individual, firm, partnership or corporation shall engage'in the business of electrical contracting within the jurisdiction of this code unless the individual or a member of the firm or partnership or corporation has been licensed as a master electrician under the provisions of this ordinance. The master electrician shall be an active member of his firm, partnership or corporation.
Finally, Section 102.3 provides:
No master electrician shall assign or in any other way convey his license, the use thereof, or any rights 14thereunder, to anyone by power of attorney or any other process, or become involved in any type of agreement, assignment or use whereby a master electrician will not have supervision, direction and responsibility of the electrical work for which the electrical permit is obtained by the master electrician. Should any master electrician violate this provision or any of -the other provisions specifying that the master electrician must direct, supervise and be responsible for the work for which he obtains a permit, his master electrician’s license issued to him under the provisions of this ordinance of the City of Shreveport may be revoked by the electrical board after notice and hearing as provided in Section 114.8.
In a case challenging similar provisions of the City’s plumbing code, this court affirmed a judgment of the trial court finding that the ordinances were a valid exercise of the City’s police power and that they were reasonably related to an objective of public health as they served to protect the City’s water supply. Restivo v. City of Shreveport, 566 So.2d 669 (La.App. 2d Cir.1990). The court recognized that “ the business of plumbing is so intimately connected with the public health as to be generally the proper subject of regulation under the police power of the governing authority.” Restivo v. City of Shreveport, 566 So.2d at 672. A governing authority appropriately exercises its police power to protect the public from ignorance, incom *726 petence and fraud in the skilled trades. Van Horn v. Vining, 133 So.2d 901 (La.App. 2d Cir.1961).
Likewise, electrical work, particularly in a place of business, directly effects the safety and welfare of the public. The City has the right to protect its citizens from shoddy electrical work and, in an effort to do so, has enacted regulations which limit issuance of permits to master electricians, require that master electricians employ, direct and supervise journeyman and apprentice electricians who perform electrical construction work, and prohibit any agreements or associations whereby a master electrician assigns use or rights of his license to another or relinquishes responsibility for direction and supervision of any |5electrical work for which he has obtained a permit. These provisions ensure that qualified individuals who perform electrical work be properly trained, licensed and supervised by master electricians who have greater knowledge and skill. Further, the regulations require that an employer/employee relationship exist between a master electrician and a journeyman electrician so that the master electrician is accountable for persons who perform electrical construction work, and that those persons be accountable to the master electrician.
We agree with the trial court that Sections 102.1,' 102.2 and 102.3 of Shreveport Comprehensive Building Code, Part 3, Electrical Code, have a “sound and legitimate public purpose” and find that these sections are constitutional.
This assignment is without merit.

Unfair Trade Practices

Ferrara also aissigns as error the trial court’s finding that the City and its employees had not engaged in unfair trade practices and to award damages. Ferrara argues that he is a “consumer” pursuant to LSA-R.S. 51:1402(1) and that the City and its employees have engaged in unfair trade practices, as proscribed by LSA-R.S. 51:1405(A), by acting to enforce the rules and regulations of the electrical code.
LSA-R.S. 51:1402(1) defines “consumer” as “any person who uses, purchases, or leases goods or services.” LSA-R.S. 51:1405(A) declares unlawful “unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” Acts which constitute unfair or deceptive practices are not specifically defined but are determined on a case-by-case basis. United Group of National Paper Distributors, Inc. v. Vinson, 27,739 (La. App.2d Cir. 1/25/96), 666 So.2d 1338, rehearing denied, writ denied 96-0714 (La.9/27/96), 679 So.2d 1358. An unfair act is conduct which offends established public policy and which is unethical, oppressive, unscrupulous or substantially [ injurious. Lilawanti Enterprises, Inc. v. Walden Book Co., Inc., 95-2048 (La.App. 4th Cir. 2/29/96), 670 So.2d 558; United Group of National Paper Distributors, Inc. v. Vinson, supra
Even if Ferrara is a consumer pursuant to LSA-R.S. 51:1402(1), the City and its employees did not engage in unfair acts in the conduct of any trade or commerce. The City and its employees merely acted to enforce the rules and regulations established by the electrical code. In fact, the record reflects that the City granted Ferrara a variance to the building code exempting him from the requirement that he establish an employer/employee relationship with a master electrician before performing electrical work at his business location. We do not find that the City and its employees engaged in unfair trade practices.
This assignment is without merit.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Ferrara.
AFFIRMED.