WILLIAMS
v.
DOUGLAS.

---

## STATE v. J. T. SMITH.

| 11 | 633 |
|----|-----|
| 48 | 1445 |

The statute against carrying concealed weapons does not contravene the second article of the amendments of the Constitution of the United States.

A partial concealment of the weapon, which does not leave it in full open view, is a violation of the statute.

APPEAL from the District Court of the parish of Claiborne, *Land*, J. The record does not show who appeared for the State. *George*, for defendant and appellant.

MERRICK, C. J. The defendant was indicted and convicted of carrying concealed weapons. He takes the present appeal to reverse the charge of the judge to the jury. The language used in the charge, and excepted to, is "that carrying of a pistol in the pocket, under the clothes, although partially exposed, is the carrying of concealed weapons within the meaning of the statute."

The charge is objected to, "first, because it is a direct charge upon the facts of the case, and secondly, an evident misinterpretation of the statute."

The charge was not a charge upon the facts, although the facts proven before the jury may have been similar. The judge charges upon the facts when he expresses an opinion upon what has been proven to the jury, or when he assumes a given state of facts as proven, and not where he expresses, as in this case, his opinion of the law arising from a state of things which may, or may not, have been established before the jury, and upon the proof of which he abstains from intimating any opinion. On the other branch of the case, we are not satisfied that the charge of the judge mislead the jury as to the law of the case.

The statute against carrying concealed weapons does not contravene the second article of the amendments of the Constitution of the United States. The arms there spoken of are such as are borne by a people in war, or at least carried openly. The article explains itself. It is in these words: "A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed." This was never intended to prevent the individual States from adopting such measures of police as might be necessary, in order to protect the orderly and well disposed citizens from the treacherous use of weapons not even designed for any purpose of public defence, and used most frequently by evil-disposed men who seek an advantage over their antagonists, in the disturbances and breaches of the peace which they are prone to provoke. There is, therefore, nothing in

the Constitution of the United States which requires of us a rigorous construction of the statute in question:

The section of statute under which the indictment is framed, is in these words: "Be it further enacted, &c., That whoever shall carry a weapon or weapons concealed on or about his person, *such as pistols, bowie knife, dirk or other dangerous* weapon, shall be liable to a prosecution by indictment or presentment, and on conviction for the first offence shall be fined not less than two hundred and fifty dollars nor more than five hundred dollars, or imprisoned for one month; and for the second offence not less than five hundred nor more than one thousand dollars, or imprisonment in the parish prison at the discretion of the court, not exceeding three months, and that it shall be the duty of the judges of the district courts in this State to charge the grand jury especially as to this section."

The offence created by this statute is the carrying of the weapon, pistol, bowie knife or dirk, &c., *concealed* on or about the person. By the first section of the Act of 1813, a weapon of the kind designated was defined as concealed when, being carried by a person, it did not appear in full open view." Act 1813, p. 172, sec. 1.

A partial concealment of the weapon, which does not leave it in full open view, is a violation of the statute. The judge, in the single expression in his charge to the jury excepted to, does not fully explain himself, yet we think a fair construction of his language does not imply more than is here expressed. He says the carrying of a pistol (a weapon designated by the statute,) *in the pocket or under the clothes*, although partially exposed, is the carrying of a concealed weapon. We must understand the district judge as speaking of weapons as ordinarily worn, and where the partial exposure is the result of accident or want of capacity in the pocket to contain, or clothes fully to cover the weapon, and not to the extremely unusual case of the carrying of such weapon in full open view, and partially covered by the pocket or clothes. We cannot say, from the single expression of the charge excepted to, that such error has intervened on the trial of this case as to require us to reverse the judgment.

Judgment affirmed.