164 So.2d 336

**CITY OF NEW ORLEANS**

v.

**John KIEFER, Betty Dietsch and Connie Hayes.**

**No. 46965.**

May 4, 1964.

Rehearing Denied June 8, 1964.

Alvin J. Liska, City Atty., Clement F. Perschall, Asst. City Atty., for appellant.

Hubert, Baldwin & Zibilich, New Orleans, for appellees.

McCALEB, Justice.

The defendants were charged, tried and convicted in the Municipal Court of New Orleans with violating Section 5–76.1 of Ordinance 2652 M.C.S., amending Article III of Chapter 5 of Ordinance No. 828, M.C.S., and each sentenced to pay a fine of 50 and to serve ten days in the Parish Prison (to be suspended upon payment of the fine) and 50 days in default of payment of the fine. On appeal to the Criminal District Court for the Parish of Orleans the convictions were annulled and defendants discharged, the judge holding that a motion to quash the affidavits was well taken because the provisions of the City Ordinance, under which the prosecutions were had, were unconstitutional. The City thereupon appealed to this Court invoking our jurisdiction under Paragraph (2) of Section 10 of Article VII of the Constitution, as amended by Act 561 of 1958.

The sections of the ordinance under attack are police measures relating to the operation of night clubs which conduct striptease acts or burlesque performances. Defendants, Betty Dietsch and Connie Hayes are charged under Section 5–76.1(2) which declares:

"(2) No female entertainer or performer or female employee in any establishment wherein a striptease or burlesque act is conducted or engaged in shall mingle therein with any patron or spectator for any purpose".

The other defendant, John Kiefer, is charged with violating Section 5–76.1(3), which provides:

"(3) It shall be unlawful for the manager and/or owner of such establishment described in this Section to permit any female entertainer or performer or female employee * * * to mingle therein with any patron or spectator for any purpose."

The motion to quash the affidavits is founded principally on the ground that the language of the ordinance is equivocal; that it does not adequately describe the conduct or acts made criminal and, therefore, neither the ordinance nor any charge based upon it satisfies defendants' rights, under Article 1, Section 10 of the Louisiana Constitution, to be informed of the nature and cause of the accusations against them. Specifically, defense counsel declare that the words "mingling", "striptease" or "burlesque" are so indefinite and vague that no person of common intelligence is able to know with any certainty when he is committing the crime allegedly denounced. State v. Penniman, 224 La. 95, 68 So.2d 770; State v. Christine, 239 La. 259, 118 So.2d 403 and State v. Robertson, 241 La. 249, 128 So.2d 646 are said to sustain the plea of unconstitutionality.

It is fundamental that a criminal charge cannot rest upon an uncertain foundation. The offense and its elements are required to be clearly expressed in order to comply with constitutional safeguards—that is, it must be precisely described so that persons of ordinary intelligence will know when they are violating the law. See authorities, supra, and the many precedents cited therein.

On the other hand, this does not mean that words of a general nature, which may be used to describe numerous and varied acts or events necessarily lack the precision to satisfy constitutional requirements. For such words, when read in proper context with the legislative purpose may attain a special and restrictive meaning which connotes with unmistakable clarity the character of the acts prohibited. See State v. Wiener, 245 La. 889, 161 So.2d 755 and State v. Deutch, 245 La. 819, 161 So.2d 730.

Applying the foregoing rules of construction to the case at bar, we have no hesitancy in concluding that the language of the ordinance herein is clear, precise and definite. The enactment is a proper exercise of police power, plainly exhibiting its purpose to curtail personal contact between female performers and the patrons

of night clubs, which serve intoxicating liquors and furnish striptease or burlesque entertainment, by prohibiting these performers from associating or mingling with such patrons in the establishments.

A "burlesque" performance and a "striptease" act describes vividly the character of the amusement. Modern burlesque is plotless entertainment consisting of a series of unrelated episodes depicting or suggesting sexual subjects or objects. Bonserk Theatre Corporation v. Moss, Sup., 34 N.Y.S.2d 541. And a "striptease" performance, we think, speaks for itself—the strip act having been defined in another jurisdiction as the removal of substantially all of the female entertainer's apparel and the performance of "bumps and grinds" involving the gyration of portions of such entertainer's body backward and forward in both fast and slow motion. See In re Tahiti Bar, Inc., 395 Pa. 355, 150 A.2d 112.

The verb "mingle" also has a clear connotation to the ordinary mind. It is defined by Webster's New International Dictionary, page 1564: "2. To associate or unite, as things by interspersion or persons by ties of relationship; to join in company."[1]

We think it manifest that the ordinance, in prohibiting a female entertainer, performer or employee of an establishment

---

1. See also Funk & Wagnall's New Standard Dictionary of the English Language, page 1580; The Century Dictionary and Encyclopedia, Vol. VI, page 3774 and A New English Dictionary on Historical Principles, Vol. VI, pps. 468–469.

which sells alcoholic beverages for consumption on the premises and in which a "* * * striptease or burlesque performance is conducted * * *" to "mingle" in such place "with any patron or spectator" simply means that such entertainer or employee shall not associate or fraternize with or join the company of the patrons of the establishment.[2]

█ Counsel for defendants also assail the ordinance on the ground that the prohibition against "mingling" by the entertainers with the patrons of the establishment is an unwarranted impairment of freedom of speech protected by the Federal and State Constitutions.

█ There is no substance in the attack. It is well settled that the right to freedom of speech is subject to reasonable legislative regulation. See State v. Cade, 244 La. 534, 153 So.2d 382, 386 and cases there cited. Here, the City is regulating the business of operating a night club where intoxicating liquor is sold and striptease performances are being conducted. The prohibition against the performers mingling with the patrons is unquestionably reasonable, and it is difficult to perceive that it impinges on their right to free speech. However, if the regulation curtails free speech in some slight degree, the limitation thereon is not unconstitutional.

█ The same may be said with respect to counsel's final point that the ordinance violates the defendants' rights of peaceful assembly guaranteed by the State and Federal Constitutions, and also denies due process in violation of Sections 2 and 6 of our Constitution and the Fourteenth Amendment to the Federal Constitution.

█ These rights are not absolute; they are subject to reasonable police regulations.

For the reasons assigned, the judgment of the Criminal District Court for the Parish of Orleans is annulled and reversed and the convictions and sentences of the Municipal Court of New Orleans are reinstated and affirmed.

2. For a comprehensive discussion of the identical question see People v. King, 115 Cal.App. 2d Supp. 875, 252 P.2d 78.