343 So.2d 166 (1977)
STATE of Louisiana
v.
Shelly AMOS.
STATE of Louisiana
v.
Alonzo LANDRY.
STATE of Louisiana
v.
Jerry ROBINSON.
Nos. 58522, 58617, 58629.
Supreme Court of Louisiana.
February 28, 1977.
*167 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John J. Messina, Patrick J. Fanning, New Orleans, Ivan L. Lemelle, Asst. Dist. Atty., for plaintiff-appellant.
Ronald J. Rakosky, Lyall G. Shiell, Jr., Dymond & Crull, New Orleans, for defendants-appellees.
MARCUS, Justice.
Shelly Amos, Alonzo Landry and Jerry Robinson were each charged by a separate bill of information with possession of a firearm after having previously been convicted of a felony in violation of La.R.S. 14:95.1. Prior to trial, defendants Robinson and Landry filed motions to quash alleging that the statute under which they were charged was unconstitutional in that it impermissibly infringed on their right to keep and bear arms guaranteed in the federal and state constitutions. The trial judge sustained these motions. After having been convicted of attempted possession of a firearm, defendant Amos filed a motion for a new trial and/or arrest of judgment on the same ground. The trial judge sustained the motion in arrest of judgment. From these adverse rulings of the trial judge, the state perfected appeals to this court in each case. La.Const. art. 5, § 5(D)(1) (1974). The three cases are consolidated here for review.
La.R.S. 14:95.1 provides in pertinent part:
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to *168 apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section.
Added by Acts 1975, No. 492, § 2.
It should be noted at the outset that the right to keep and bear arms guaranteed by the second amendment to the federal constitution is not carried over into the fourteenth amendment so as to be applicable to the states. It operates as a limitation only upon the power of Congress and the national government. Miller v. Texas, 153 U.S. 535, 14 S.Ct. 874, 38 L.Ed. 812 (1894); Presser v. Illinois, 116 U.S. 252, 6 S.Ct. 580, 29 L.Ed. 615 (1886); United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1875); 79 Am.Jur.2d Weapons § 4 (1975). Hence, the sole issue presented for our consideration is whether this statute improperly contravenes La.Const. art. 1, § 11 (1974) which provides that the "right of each citizen to bear arms shall not be abridged."
Defendants argue that, having completed state supervision for their previous felony convictions, they have been restored full rights of citizenship. La.Const. art. 1, § 20 (1974). With this proposition, we fully agree. We cannot accept, however, defendants' further contention that, since they are citizens, any act of the legislature limiting or regulating their right to keep and bear arms unconstitutionally contravenes the broad language of La.Const. art. 1, § 11 (1974).
The right to keep and bear arms, like other rights guaranteed by our state constitution, is not absolute. We have recognized that such rights may be regulated in order to protect the public health, safety, morals or general welfare so long as that regulation is a reasonable one. City of New Orleans v. Kiefer, 246 La. 305, 164 So.2d 336 (1964); City of Lafayette v. Justus, 245 La. 867, 161 So.2d 747 (1964). It is beyond question that the statute challenged in the instant case was passed in the interest of the public and as an exercise of the police power vested in the legislature. Its purpose is to limit the possession of firearms by persons who, by their past commission of certain specified serious felonies, have demonstrated a dangerous disregard for the law and present a potential threat of further or future criminal activity.
To be sure, La.R.S. 14:95.1 is addressed to persons who are citizens of this state by virtue of having terminated state and federal supervision following their convictions. La.Const. art. 1, § 20 (1974). These persons have, nonetheless, previously been convicted of serious criminal offenses; restoration of citizenship cannot erase this fact. The verbatim transcripts of the constitutional convention debates indicate that neither La.Const. art. 1, § 11 nor La.Const. art. 1, § 20 were ever intended to preclude the type of legislation disputed herein.[1] We are satisfied that it is reasonable for the legislature in the interest of public welfare and safety to regulate the possession of firearms for a limited period of time by citizens who have committed certain specified serious felonies. Courts of other states having statutes and constitutional provisions comparable to our own have similarly concluded that such regulation is constitutionally permissible as a reasonable and legitimate exercise of police power. People v. Blue, 544 P.2d 385 (Colo.1975); State v. Krantz, 24 Wash.2d 350, 164 P.2d 453 (1945); Akron v. Williams, 113 Ohio App. 293, 177 N.E.2d 802 (1960); 79 Am.Jur.2d Weapons § 24 (1975).
For the foregoing reasons, we are satisfied that La.R.S. 14:95.1 does not impermissibly contravene the rights guaranteed in La.Const. art. 1, § 11 (1974). Accordingly, we reverse the rulings of the trial judge declaring La.R.S. 14:95.1 unconstitutional.

*169 DECREE
For the reasons assigned, the rulings of the trial judge quashing the indictments of Jerry Robinson and Alonzo Landry and arresting judgment in the case of Shelly Amos are reversed, and the cases are remanded for further proceedings in accordance with law and the views expressed herein.
SUMMERS, J., concurs.
CALOGERO, J., dissents and assigns reasons.
DIXON, J., dissents.
CALOGERO, Justice, dissenting.
The trial judge terminated these three prosecutions for the reason that the indictment failed "to charge an offense which is punishable under a valid statute, but, on the contrary, purports to charge an offense which is unconstitutional under the constitutions of the State of Louisiana and the United States of America." Those constitutional provisions to which he referred are the second amendment to the Constitution of the United States, which forbids the infringement of the people's right to keep and bear arms, and Article I, section 11 of the Louisiana Constitution of 1974 which provides that:
"The right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person."
The court below found that the state constitutional prohibition against laws denying the right of citizens to keep and bear arms was impermissibly limited by the section of R.S. 14:95.1 which forbids the possession of a weapon by a convicted felon, and therefore declared that part of the statute unconstitutional.
The majority has held that the passage of R.S. 14:95.1 was a valid exercise of the police power granted to the legislature by Article III, section 1(A) of the Louisiana Constitution of 1974.[1] The majority had adopted the state's argument that the state legislature has the authority to enact any legislation to protect the public health, safety, morals, or general welfare so long as that regulation is a reasonable one, even in light of the above-quoted constitutional prohibition of Article I, section 11. I do not agree.
The Louisiana legislature has plenary powers which are limited only by the positive provisions of the state and federal constitutions. Hainkel v. Henry, 313 So.2d 577 (La.1975); Bates v. Edwards, 294 So.2d 532 (La.1974) and cases cited therein. Under its police power, the legislature can enact any reasonable regulation to protect the public health, safety, morals, or general welfare so long as that legislation is not specifically denied it by one of the constitutions. Here, however, the statute attempts to outlaw conduct expressly guaranteed by the state constitution.
The Louisiana Constitution proclaims that the "right of each citizen to keep and bear arms shall not be abridged. . . ." This provision differs from the source provisions in the federal constitution and the former Louisiana Constitution. Both of these constitutions link the right to carry a gun to the right to support a militia. The second amendment to the United States Constitution states that:
"A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."
Likewise Article I, section 8 of the Louisiana Constitution of 1921 provided that:
"A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be abridged. This shall not prevent the passage of laws to punish those who carry weapons concealed."
These references to a militia and to "the right of the people" have been used to *170 show that these constitutional protections do not provide a person a right to keep and bear arms, but that they merely reaffirm the right of the people as a whole to form a militia for their defense. See generally, Stevens v. United States, 440 F.2d 144 (6th Cir. 1971); State v. Jumel, 13 La.Ann. 399 (1858); State v. Smith, 11 La.Ann. 633 (1856). The 1974 Louisiana Constitution, which in its preamble emphasizes that its goal is to protect the rights of the individual in addition to the rights of society as a whole, makes no reference to a militia or to the rights of "the people." Instead, that document protects the right of each citizen to keep and bear arms, setting out an individual right in absolute terms, with, of course, the proviso that the legislature does have the authority to prohibit or regulate firearms concealed upon the person.[2]
Defendants herein are citizens. Article I, section 20 provides that "Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense." The constitution thus bestows on "each citizen" the right to possess a weapon, and it also restores "full rights of citizenship" to a person upon termination of his state and federal supervision for a criminal conviction. Each of the defendants has been restored the constitutionally guaranteed right to keep and bear arms. The provision of R.S. 14:95.1 which purports to deny them that right, I believe, impermissibly limits the affirmative constitutional guarantee and as such is not a valid exercise of the police power.
The state, however, insisting that the Louisiana statute is valid, directs our attention to the jurisprudence of many of our sister states, opinions which uphold similar statutes forbidding the possession of weapons by convicted felons. Mason v. State, 39 Ala.App. 1, 103, So.2d 337 (1956), aff'd 267 Ala. 507, 103 So.2d 341 (1958), cert. denied 358 U.S. 934, 79 S.Ct. 323, 3 L.Ed.2d 306 (1959); State v. Rascon, 110 Ariz. 338, 519 P.2d 37 (1974); People v. Blue, 544 P.2d 385 (Colo.1975); Nelson v. State, 195 So.2d 853 (Fla.1967); State v. Knowles, 209 Kan. 676, 498 P.2d 40 (1972); Renfro v. State, 372 P.2d 45 (Okl.Cr.1962); State v. Adkins, 40 Ohio App.2d 473, 320 N.E.2d 308 (1973); State v. Cartwright, 246 Or. 120, 418 P.2d 822 (1966), cert. denied 386 U.S. 937, 87 S.Ct. 961, 17 L.Ed.2d 810 (1967); McGuire v. State, 537 S.W.2d 26 (Tex.Cr.App.1976). These states, however, have constitutional provisions different from ours. Every one of these constitutions link the right to bear arms to the need for a militia, as did the Louisiana Constitution of 1921. Ala.Const. art. I, § 26; Ariz.Const. art. II, § 26; Colo. Const. art. II, § 13; Fla.Const. (1885) art. I, § 20; Kan.Const. Bill of Rights, § 4; Okl. Const. art. II, § 26; Ohio Const. art. I, § 4; Or.Const. art. I, § 27; and Tex.Const. art. I, § 23. Unlike these provisions, the Louisiana Constitution of 1974 expressly grants to each citizen the "right to keep and bear arms," a right which "no law" shall abridge.[3] This constitutional guarantee is not limited by linking it to a militia or a defense for the people as a whole. It is limited only by one stated exception: the legislature has the authority to prohibit the concealment of weapons on the person. Otherwise, the legislature lacks the authority to nullify the right of Louisiana citizens to keep and bear arms.
It is not without reluctance that I would come to this conclusion. I recognize the policy considerations which caused the legislature to attempt to keep weapons out of the hands of people who have been convicted of certain felonies. However, I believe the broad new language of the Constitution *171 allows no other construction than the one I feel constrained to give it.
Consequently, I would sustain the ruling of the trial judge. Therefore, I dissent.
NOTES
[1] XIV Constitutional Convention of 1973: Verbatim Transcripts, 44th day, at 45, 57, 58 and 62; XIV Constitutional Convention of 1973: Verbatim Transcripts, 45th day, at 7.
[1] Article III, section 1(A) of the Louisiana Constitution of 1974 provides that: "The legislative power of the state is vested in a legislature, consisting of a Senate and a House of Representatives."
[2] This exception was a carefully drawn provision narrowed from a former wording which would have allowed legislation prohibiting any concealed weapon, not merely weapons concealed upon the person. The delegates said that they wished to prohibit legislation which might outlaw the concealment of guns in such places as a plane, a car, or a boat. XIV Constitutional Convention of 1973, Verbatim Transcripts, 3-27 (September 12, 1973).
[3] I am not here discussing the right of the state to register the purchase or possession of weapons; I examine merely the right of a citizen to possess a weapon, not the right of the state to require its registration.