PONDER, Judge.
Larry Cobb appealed the denial of a motion to suppress evidence, the denial of a motion to quash and the imposed sentence of a fine of $1000.00 and court costs, or in default of payment confinement in Parish Prison for one year, and confinement in the custody of the Secretary of the Department of Corrections for a period of four years at hard labor without benefit of probation, parole or suspension of sentence.
Appellant was convicted in 1975 of distribution of marijuana, a felony. He was fully discharged and released by the Department of Corrections in 1977. On August 21,1981, East Baton Rouge Parish law enforcement officers executed a search warrant at appellant’s residence in East Baton Rouge Parish. When the officers found several ounces of marijuana, they arrested defendant and gave the Miranda warning. In addition to the marijuana, officers also found two revolvers, two shotguns and some stolen articles. Appellant was charged with possession of marijuana, receiving stolen things and possession of a firearm by a convicted felon. His motion to suppress evidence and to quash the count of the bill of information on possession of a firearm by a convicted felon were denied by the trial court. Thereafter he agreed to plead guilty to the charge of possession of a firearm in return for the dismissal of the charges on possession of marijuana and possession of stolen things. He reserved the right, however, to appeal the denial of his motion to suppress and the denial of the motion to quash.
Appellant assigns two errors:
1) the trial court denied the motion to suppress the seizure of the firearms; and
2) the trial court refused to quash the indictment as being unconstitutional.
We affirm.
THE MOTION TO SUPPRESS
The motion to suppress filed in the trial court alleged as grounds that the application for the search warrant failed to establish probable cause, that the application failed to establish the credibility of the unnamed informant, that the search of defendant’s vehicle was unconstitutional in that it was without a search warrant, consent or probable cause, and that the search of mover’s residence was without consent or probable cause.
Appellant does not brief or argue these points. Instead, he bases his entire argument to suppress on the failure of the warrant to authorize the seizure of the fire *937 arms. The motion to suppress did not mention this basis, there was no evidence presented thereon, and counsel did not argue the point. We limit our consideration to those points raised in the trial court. State v. Roach, 322 So.2d 222 (La.1975).
THE MOTION TO QUASH
The motion to quash the charge of possession of a firearm by a convicted felon is based upon assertions that L.R.S. 14:95.1 is unconstitutional as being violative of La. Const. of 1974, Art. 1, Section 11,[1] and Art. 1, Sec. 20.[2] Both of these contentions have been ruled upon adversely to appellant’s position. State v. Amos, 343 So.2d 166 (La.1977).
Appellant did not brief the question of excessive sentence.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.

. Art. 1, Section 11
The right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person.

. Art. 1, Section 20
No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.