DRAKE, J.
The defendant, Michael Wiggins, was charged by bill of information on count one with attempted second degree murder and on count two with possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of Louisiana Revised Statutes 14:27, 14:30.1, and 14:95.1. The defendant originally pled not guilty, but later withdrew that plea and pled guilty as charged on both counts. The defendant was sentenced to forty years imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence on count one, and was sentenced to twenty years imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence on *3 count two.[1] The trial court ordered that the sentences be served concurrently. The defendant now appeals, assigning error to the constitutionality of the forty-year sentence imposed on count one, to the effectiveness of counsel for failure to file a motion to reconsider sentence, and to the constitutionality of Louisiana Revised Statutes 14:95.1.[2] For the following reasons, we affirm the convictions and sentences.

STATEMENT OF FACTS

During the Boykin examination,[3] the State submitted the facts as elicited during the preliminary examination hearing as the basis for the plea. The | ofollowing facts were presented at the hearing on the motion for preliminary examination. On November 22, 2010, Sergeant Clarence MeGarner of the Baton Rouge Police Department responded to the scene of a shooting at a residence. After arriving at the scene, Sergeant MeGarner was advised that the defendant and the victim, Kevin White, had a dispute over cigarettes prior to the shooting. After the gunfire, a witness observed the defendant running down the street from the scene of the shooting carrying a long black handgun. Sergeant MeGarner created a photographic lineup based on the witness’s statements. While at Our Lady of the Lake Hospital in IGU, though he was unable to speak, the victim was able to identify the defendant by nodding his head to signal his selection of the photograph of the defendant from the photographic lineup. During a subsequent interview prior to the hearing, the victim gave a statement again identifying the defendant as the shooter and describing the argument that started when White tried to take one of the defendant’s cigarettes. According to the record, the defendant has a prior conviction of simple burglary of - an inhabited dwelling.

ASSIGNMENTS OF ERROR ONE AND TWO

In his first assignment of error, the defendant contends that the trial court failed to state reasons for the sentence and did not consider the individual facts and circumstances of this case. The defendant concludes that a sentence of forty years, without the benefit of probation, parole, or suspension of sentence, is unconstitutionally excessive in this case. In the second *4 assignment of error, the defendant contends that his trial counsel’s failure to file a motion to reconsider sentence constitutes ineffective assistance of counsel in the event that review of the sentence is procedurally barred on appeal. The defendant argues that but for counsel’s failure to object, the sentencing would have been changed below or on |4appeal, maintaining that the forty-year sentence is disproportionate to the harm done and shocks one’s sense of justice. Contending his trial counsel’s deficient performance rendered the proceeding fundamentally unfair and that he was prejudiced as a result, the defendant argues that a showing of ineffective assistance of counsel has been made. The defendant specifically focuses on the forty-year sentence imposed on count one, and is not challenging the twenty-year sentence imposed on count two which, as noted above, was ordered to be served concurrently.
A review of the transcript of the defendant’s guilty plea indicates the defendant seeks review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. The term of forty years in exchange for the State’s waiver of the habitual offender allegations is specifically set forth in the record before the trial court’s acceptance of the guilty plea. The trial court noted that the sentence was being imposed in accordance with that agreement. A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2); see State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, 1175. Moreover, where a specific sentence has been agreed to as a consequence of a plea bargain, there is no need for the trial court to comply with Louisiana Code of Criminal Procedure article 894.1(C). State v. Mareno, 530 So.2d 593, 601 (La.App. 1st Cir.), writ denied, 533 So.2d 354 (La.1988). Therefore, the fact that defense counsel did not move for reconsideration of sentence does not constitute deficient performance. Thus, assignments of error one and two are without merit.

ASSIGNMENT OF ERROR THREE

In the final assignment of error, the defendant argues that Louisiana Revised Statutes 14:95.1 is unconstitutional on its face, in light of the strict scrutiny mandated by the amended version of Louisiana Constitution article I, section 11. IsThe defendant specifically contends that Louisiana Revised Statutes 14:95.1 cannot pass strict scrutiny review because it is not narrowly tailored to achieve a compelling government interest, and it is not the least restrictive means of achieving its purported public safety interest. The defendant further argues that Louisiana Revised Statutes 14:95.1 applies to a broad range of felony convictions without reason or discretion, specifically noting that some of the felonies have at best an attenuated connection to firearm possession or use. Finally, the defendant contends that Louisiana Constitution article I, section 11 demands a less restrictive procedural application, such as allowing convicted felons to argue for the restoration of their gun rights at a hearing following the completion of their sentences.
Louisiana Revised Statutes 14:95.1, provides, in pertinent part:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture *5 or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
* * *
C. The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
D. For the purposes of this Section, “firearm” means any pistol, revolver, rifle, shotgun, machine gun, submachine gun, black powder weapon, or assault rifle which is designed to fire or is capable of firing 16fixed cartridge ammunition or from which a shot or projectile is discharged by an explosive. [Footnote omitted.]
It was first made illegal for felons convicted of certain crimes to possess a firearm by 1975 La. Acts, No. 492, § 2 (which became La. R.S. 14:95.1). In 1980 La. Acts, No. 279, § 1, the Legislature amended Louisiana Revised Statutes 14:95.1 to add additional crimes to the list of enumerated felony convictions. The Louisiana Supreme Court upheld the constitutionality of the statute in State v. Amos, 343 So.2d 166, 168 (La.1977).
The Second Amendment to the United States Constitution and Article I, Section 11 of the Louisiana Constitution prohibit the infringement of the right to keep and bear arms. The Louisiana Legislature recently enacted 2012 La. Acts, No. 874, § 1 to amend Article I, Section 11, which, as a result, specifically states that the right of each citizen to keep and bear arms is “fundamental and shall not be infringed.” The amended version of Section 11 further states that “[a]ny restriction on this right shall be subject to strict scrutiny.”[4] In District of Columbia v. Heller, 554 U.S. 570, 635, 128 S.Ct. 2783, 2821-22, 171 L.Ed.2d 637 (2008), the U.S. Supreme Court held that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense and struck down a District of Columbia law that banned the possession of handguns in the home. As noted by the U.S. Supreme Court in McDonald v. City of Chicago, Ill., 561 U.S. 742, 130 S.Ct. 3020, 3042, 177 L.Ed.2d 894 (2010), a clear majority of the States in 1868 recognized the right to keep and bear arms as being among the foundational rights necessary to our system of government, and the framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty. Accordingly, the right to bear arms was always fundamental. See also State v. Draughter, 2013-0914 (La.12/10/13), 130 So.3d 855, 861. The amendment to Article *6 I, Section 11, merely sought to ensure that the review standard of an alleged infringement of this fundamental right was in keeping with the refinements made to constitutional analysis that have developed since the decision in Amos.[5]
At the time Amos was decided in 1977, the reasonableness standard was consistent with the appellate review of other alleged infringements of constitutional rights. See City of New Orleans v. Kiefer, 246 La. 305, 314, 164 So.2d 336, 339 (1964); City of Lafayette v. Justus, 245 La. 867, 873, 161 So.2d 747, 749 (1964). See also State v. Wiggins, 432 So.2d 234, 237 (La.1983). It might be said this standard of reasonableness was the highest standard of review the court accorded to an alleged infringement of a constitutional right for that time. However, the evaluation is significantly different from the strict scrutiny now required by the present form of Article I, Section 11, as that level of analysis is understood today. Draughter, 130 So.3d at 864 at *5. While the amended version of Article I, Section 11 was not in effect at the time of the defendant’s offense herein, the amendment has prospective effect from its effective date of December 10, 2012, and has retroactive effect to this case and all cases pending on direct review or not yet final.[6] Thus, our analysis of Louisiana | ^Revised Statutes 14:95.1 under the present facts will proceed under strict scrutiny, the standard of review provided in the amended constitutional provision.
In general, statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Griffin, 495 So.2d 1306, 1308 (La.1986). However, in Louisiana, the standard of strict scrutiny is applied to review state action that imposes a burden *7 on a fundamental right.[7] Under the standard of strict scrutiny, state action “may be justified only by a compelling state interest, and the state action must be narrowly confined so as to further only that compelling interest.” State v. Gamberella, 633 So.2d 595, 604 (La.App. 1 Cir.1993), writ denied, 94-0200 (La.6/24/94), 640 So.2d 1341. Accordingly, fundamental rights are not absolute, and state action may be justified, subject to strict scrutiny. See Gamberella, 633 So.2d at 604.
The record herein reflects that the defendant was on parole at the time of the arrest for the instant offenses. Thus, the precise question here is whether Louisiana Revised Statutes 14:95.1 unconstitutionally infringes upon the defendant’s right to possess a firearm, as a convicted felon who was still under the State’s supervision, but was no longer in its physical custody.[8] Inmates in a custodial setting “have 19neeessarily shown a lapse in ability to control and conform their behavior to the legitimate standards of society by the normal impulses of self-restraint; they have shown an inability to regulate their conduct in a way that reflects either a respect for law or an appreciation of the rights of others.” Hudson v. Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). As noted by the Louisiana Supreme Court in Draughter, this characterization applies equally to those convicted felons who are serving sentences of probation or parole. By necessity, the State must exercise continuing supervision and control over these convicted felons as they complete the punishments which have been meted out for their criminal activity. The Court further stated,
For these persons still under state supervision, we easily find there to be a compelling state interest for the state’s limited infringement of even fundamental constitutional rights, including the right to possess a firearm. These persons are still serving a portion of a criminal sentence. There will necessarily be intrusion into their lives by state actors administering the supervision required by their status. The possession of a firearm is inconsistent with that status and would subject the individuals tasked with their supervision to an untenable safety risk.
Draughter, 130 So.3d at 865 at *9-*10. Having found the statute serves a compelling governmental interest as applied to a person still under State supervision, the Court further found that Louisiana Revised Statutes 14:95.1 also satisfies the requirement that it be narrowly tailored to serve that compelling interest. In doing so, the Court specifically noted that the statute advances the state’s interest in preventing persons under State supervision from possessing firearms, that the rule is reasonably necessary, and that it is the least restrictive means to serve and *8 further the State’s interest. Draughter, 130 So.3d at 860 at *10.
Under Louisiana Revised Statutes 14:95.1, it is not the possession or concealment of a weapon standing alone that is a felony. Possession or carrying a concealed weapon is made a felony only when the person committing the act has [ inpreviously been convicted of one of the enumerated offenses. The act of possessing or concealing a weapon becomes a felony only because the offender has the status of a convicted felon. See State v. Williams, 358 So.2d 943, 947 (La.1978). Moreover, based upon the language of Louisiana Revised Statutes 14:95.1, the legislature has limited the application of the statute to certain specified serious felony offenses, has further limited the applicability of the statute to ten years following the date of completion of sentence, probation, parole, or suspension of sentence, and has specifically defined “firearm.” As noted, the defendant herein argues that some of the felonies enumerated in Louisiana Revised Statutes 14:95.1 have an attenuated connection to firearm possession or use. For example, in this case, the underlying crime is simple burglary of an inhabited dwelling, a felony offense that is not connected to the possession or use of a firearm. Nonetheless, the defendant subsequently possessed a firearm and used it to attempt to kill the victim, causing a spinal cord injury that left the victim paralyzed from the neck down. Thus, the defendant clearly demonstrated a dangerous disregard for the law in committing subsequent, life-threatening criminal activity. As the Court held in Draughter, when applied to a convicted felon still under State supervision, Louisiana Revised Statutes 14:95.1 does not unconstitutionally infringe upon the right to bear arms secured by Article I, Section 11 of the Louisiana Constitution. Accordingly, assignment of error number three is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.

. As discovered during our review for error pursuant to Louisiana Code of Criminal Procedure article 920(2), we note that the sentence imposed on count two is illegally lenient, as it does not include the fine mandated by Louisiana Revised Statutes 14:95.1(B). However, since the sentence is not inherently prejudicial to the defendant, and neither the State nor the defendant has raised this sentencing issue on appeal, we decline to correct this error. See State v. Price, 2005-2514 (La.App. 1 Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0130 (La.2/22/08), 976 So.2d 1277.

. Notice was provided to the Attorney General, as required by Louisiana Revised Statutes 13:4448, advising that the constitutionality of Louisiana Revised Statutes 14:95.1 had been challenged in this appeal. The Attorney General filed a brief.

.Due process requires an affirmative showing that a defendant who pleads guilty to a criminal charge has been apprised of his constitutional rights and has knowingly and voluntarily waived those rights. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). To insure an adequate record on review, a trial court would be best advised to conduct an on the record examination of the defendant, which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged, and the permissible range of sentences. State v. Shelton, 621 So.2d 769, 771 (La.1993).

. Prior to the 2012 amendment, Article I, Section 11 stated: "The right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person.”

. On April 9, 2012, the constitutional amendment was debated in the Louisiana Senate. During the debate, Senator Dan Claitor asked Senator Niel Riser, the amendment's sponsor, to explain the amendment. Senator Riser clearly stated that in proposing the amendment, the legislature intended to change the existing law by heightening the standard of review for any restriction of the right to bear arms from a rational basis review, to a strict scrutiny review, requiring a compelling government interest. According to Senator Riser, the puipose of the amendment is to make the article "more in line with the Second Amendment,” giving Louisiana “the strongest Second Amendment law in the nation.” Regarding the existing gun laws, Senator Riser further stated, "You need to be real clear that this defines ... how laws are judged. So [we] roughly have close to forty gun laws right now. And those gun laws will stay in effect.” Louisiana 2012 Reg. Session Senate Floor Debate, Committee Debate on Bill 303, http://senate.la.gov/sessioninfo/Archives/2012/ rs.htm at 1:58 to 2:21.

. Following its approval by voters on the November 6, 2012 statewide ballot, the amendment became a part of the state constitution on December 10, 2012. See La. Const, art. XIII, § 1(C). No language in Louisiana Constitution article I, section 11 indicates the legislature purported to make the legislation retroactive. The general rule in Louisiana, both constitutional and statutory, is that laws have prospective effect only, unless a contrary intention is clearly expressed therein. State v. Cousan, 94-2503 (La.11/25/96), 684 So.2d 382, 392-93; see also La. Civ.Code art. 6; La. ELS. 1:2. However, in Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), the Supreme Court held "that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a ‘clear break’ with the past.” The Louisiana Supreme Court has endorsed Griffith as a matter of state law for review of non-final convictions still subject to direct appellate review. Draughter, 130 So.3d at 864 at *7 (citing State ex rel. Taylor v. Whitley, 606 So.2d 1292, 1296 (La.1992), cert. denied, 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993)).

. Because strict scrutiny is the highest level of review on this issue, it is not necessary to review the statute under the U.S. Constitution. Reinhardt v. Reinhardt, 97-1889 (La.App. 1 Cir. 9/25/98), 720 So.2d 78, 79 n. 2, writ denied, 98-2697 (La.12/18/98), 734 So.2d 635, cert. denied, 526 U.S. 1114, 119 S.Ct. 1761, 143 L.Ed.2d 792 (1999).

. As in Draughter, the defendant herein does not have standing to raise the larger question, previously addressed by the Court in Amos— whether the State may dispossess certain convicted felons of their right to bear arms for a number of years, even after they have paid their debt to society and fully discharged their sentences. Draughter, 130 So.3d at 866 at *8; see also State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1332 (a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the court).